**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| David Brossart, | ) | No. CV-08-0609-PHX-FJM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Lynx Business Intelligence Consulting, | ) | |
| Inc., Binh Ly, Jennifer Ly, and Edgewater | ) | |
| Technology Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

The court has before it defendants' motion to dismiss or transfer for lack of personal jurisdiction, improper venue, or forum non conveniens (doc. 12); plaintiff's response (doc. 14); and defendants' reply (doc. 15).

**I**

In 2002, defendant Binh Ly, a California resident, founded defendant Lynx Business Intelligence Consulting, Inc. ("Lynx"), a software consulting firm incorporated in California, its principal place of business. In 2004, plaintiff, an Arizona resident, contracted with Lynx to become its vice president of sales. He maintained a Scottsdale office but traveled frequently, marketing Lynx to companies throughout the country. Apparently, Lynx continued to generate most of its work from California, and only two or three Arizona companies became clients.

1    Plaintiff's employment agreement with Lynx granted him a base salary, bonuses, and
2    a ten percent equity interest in Lynx.  Through a series of salary withholdings, plaintiff was
3    to make capital contributions of about $50,000 over a period of three years.  Under the terms
4    of the employment agreement, if plaintiff left the company he was entitled to a refund of his
5    capital contributions.  In the event of a "disposition of the company such as sale, public
6    offering, or liquidation," he was entitled to the greater of his capital contributions or ten
7    percent of the total value of Lynx.  <u>Complaint</u> ¶ 15.

8    For the purposes of this motion, we take as true plaintiff's version of the facts.
9    Plaintiff worked for Lynx for over three years.  He claims that during this time he exceeded
10   the capital contributions called for by the employment agreement.  In the summer of 2007,
11   plaintiff informed Ly that he was considering leaving Lynx to pursue another opportunity.
12   They also discussed a bonus that plaintiff was owed.  On July 28, 2007, Lynx paid plaintiff
13   $50,000, which plaintiff viewed as a bonus.  Ly contends, however, that plaintiff had
14   tendered his resignation in June and that the $50,000 payment was a refund of his capital
15   contributions.  Plaintiff contends that he had not resigned and that an actual refund of his
16   capital contributions would have been $73,819.

17   In September 2007, without plaintiff's knowledge or approval, Ly sold all of Lynx's
18   assets to defendant Edgewater Technology, Inc. ("Edgewater"), a Delaware corporation with
19   its principal place of business in Massachusetts.  <u>Id.</u> ¶ 4.  Plaintiff claims that he owned ten
20   percent of Lynx at the time of sale and still does to this day.  He contends that Ly
21   intentionally concealed the sale as well as the negotiations and due diligence leading up to
22   it in order to avoid paying plaintiff what he was owed under his employment contract in the
23   event of a disposition of the company.

24   Plaintiff alleges eight counts:  breach of fiduciary duty of loyalty against Ly; fraud
25   and negligent misrepresentation, conversion, and unjust enrichment against Ly and Lynx;
26   breach of contract, breach of the implied covenant of good faith and fair dealing, and
27   promissory estoppel against Lynx; and declaratory judgment against all defendants.

28

**II**

Each defendant seeks dismissal for lack of personal jurisdiction and dismissal or transfer for improper venue or forum non conveniens.  When these defenses are combined, it is preferable to consider venue first, especially when personal jurisdiction is unclear.  17 Moore's Federal Practice § 111.02[3][b] (3d ed. 2006).  If venue is improper as to any defendant, then 28 U.S.C. § 1406(a) dictates that we either dismiss or transfer the action against that defendant, and we may do so without deciding personal jurisdiction.  Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465–66, 82 S. Ct. 913, 915 (1962).

Under the general venue statute, an action based on diversity jurisdiction may be brought in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).  Plaintiff contends that the District of Arizona is an appropriate forum for this action under 1391(a)(2).  Section 1391(a)(1) does not establish venue here because at least one defendant, Ly, does not reside in Arizona.[1]  Section 1391(a)(3) applies only when no district satisfies the first two clauses, which we conclude is not the case.

Generally, where there are multiple defendants, "venue must be properly laid as to each defendant."  Eaby v. Richmond, 561 F. Supp. 131, 140 n.2 (E.D. Pa. 1983) (citing Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 493 (9th Cir. 1979).  We first address Edgewater, a defendant only because of count eight, which seeks a declaratory judgment voiding Edgewater's purported purchase of Lynx's assets because of noncompliance with corporate law.

---

[1]  Residence is an easier question in the case of an individual defendant, because it equates with "domicile."  Manley v. Engram, 755 F.2d 1463, 1466 n.3 (11th Cir. 1985).  In contrast, a corporation is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."  28 U.S.C. § 1391(c).

1    In making a determination on venue, we focus on the activities of the defendant, not

2    those of the plaintiff.  Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1371–72 (11th Cir.

3    2003).   Edgewater, a Delaware corporation with its principal place of business in

4    Massachusetts, purchased the assets of Lynx, a California corporation with its principal place

5    of business in California.[2]  There is no allegation that any negotiation or closing activities

6    took place in Arizona.  Furthermore, plaintiff's complaint suggests that Edgewater was either

7    completely unaware of plaintiff in Arizona or believed that plaintiff's ties to Lynx had been

8    severed, because Ly sought to exclude plaintiff completely from the asset sale.  Therefore,

9    because we do not find that a "substantial part of the events or omissions giving rise to the

10   claim occurred" in Arizona, we conclude that venue in this district is improper as to

11   Edgewater.  28 U.S.C. § 1391(a)(2)

12   Rather than dismiss an action against a particular defendant when venue is improper,

13   we may transfer it to any other district where it could have been brought, if doing so is

14   "in the interest of justice."  28 U.S.C. § 1406(a); see Goldlawr, Inc., 369 U.S. at 466–67, 82

15   S. Ct. at 916 (suggesting that transfer is often in the interest of justice).  The defense of

16   improper venue is generally personal, such that one defendant may not obtain dismissal or

17   transfer because venue is improper as to a codefendant, unless that codefendant is an

18   indispensable party.   Anrig v. Ringsby United, 603 F.2d 1319, 1324 (9th Cir. 1979).

19   However, if we transfer an action against a particular defendant for improper venue, we may

20   exercise our discretion to transfer the rest of the action to any district where it might have

21   been brought for "the convenience of the parties and witnesses" pursuant to 28 U.S.C.

22   § 1404(a).  See 17 Moore's Federal Practice § 111.35[2] (3d ed. 2006).

23

24

25   [2] Defendants contend that Lynx's assets were actually purchased by a subsidiary of

26   Edgewater called Edgewater Technology – Lynx, Inc. ("Edgewater – Lynx"), a Delaware
     corporation headquartered in Massachusetts with its principal place of business in California.

27   Even if plaintiff substituted or added Edgewater – Lynx as a defendant, our analysis of venue
     would be the same.

28

Plaintiff states that he prefers transfer over complete dismissal. <u>Response</u> at 16. We could sever the cause of action against Edgewater and transfer it only. However, plaintiff's claims would be more efficiently handled in a single action, and plaintiff acknowledges that the United States District Court for the Central District of California is likely an appropriate forum for *all* of his claims. <u>Response</u> at 14.

Importantly, it appears that a substantial part of the events giving rise to all of plaintiff's claims occurred in the Central District of California, meaning that venue would be entirely proper under 28 U.S.C. § 1391(a)(2). It may also be that venue in that district is proper under 28 U.S.C. § 1391(a)(1). The Central District of California is suitable in other respects. Ly and Lynx are certainly subject to general personal jurisdiction there, and Edgewater would probably be subject to specific personal jurisdiction at a minimum, given its purchase of the assets of a company based in that district.[3] Meanwhile, personal jurisdiction in the District of Arizona is unclear at least as to Edgewater. Additionally, the majority of witnesses and evidence are in California, and we note that a district judge in California will have greater familiarity with California law, which will likely apply to plaintiff's claims.

Because venue is improper in this court, we transfer plaintiff's action against Edgewater, without severing it, to the Central District of California pursuant to 28 U.S.C. § 1406(a). Exercising our discretion, we transfer the remainder of the action to the Central District of California pursuant to 28 U.S.C. § 1404(a).

### III

Accordingly, **IT IS HEREBY ORDERED GRANTING IN PART AND DENYING IN PART** defendants' motion to dismiss or transfer (doc. 12) as follows:

---

[3] Obviously, the same would apply to Edgewater – Lynx if it were the true purchaser. <u>See</u>, <u>supra</u>, note 1.

1  The motion to dismiss is **DENIED** and the motion to transfer is **GRANTED**.  **IT IS**
2  **ORDERED** directing the clerk to transfer this action in its entirety to the United States
3  District Court for the Central District of California.

4        IT IS FURTHER ORDERED vacating the Rule 16 scheduling conference set for
5  Friday, June 27, 2008, and FURTHER ORDERD DENYING as moot the "Stipulation for
6  Entry of Protective Order Governing Confidential Documents" (doc. 19).

7        DATED this 25th day of June, 2008.

8

9

10

11  _Frederick J. Martone_

12  Frederick J. Martone
    United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28